IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY CYPRIEN,

Petitioner,

vs.

GARY SWARTHOUT, Warden (A), California State Prison, Solano,

Respondent.

No. 2:08-cv-00379-JKS

ORDER
[Re: Motion at Docket No. 18]

At Docket No. 18, Petitioner, Tony Cyprien, a state prisoner appearing *pro se*, has filed a motion under Federal Rule of Civil Procedure 60(b)(6) to vacate the judgment entered on April 26, 2010, at Docket No. 17. Respondent has opposed the motion, and Cyprien has replied. As the motion was filed within 28 days of the entry of the judgment, this Court treats the motion as a motion to modify or amend the judgment under Rule 59(e).[1] This Court may grant relief under Rule 59(e) under limited circumstances: an intervening change of controlling authority, new evidence has surfaced, or the previous disposition was clearly erroneous and, if uncorrected, would work a manifest injustice.[2]

[1] *See American Ironworks & Erectors, Inc. v. North Am. Const. Corp*., 248 F.3d 892, 898-99 (9th Cir. 2001).

[2] *See Circuit City Stores v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005); *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999); *see generally* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2810.1 (2d ed.).

Cyprien, relying on the recent en banc decision of the Ninth Circuit in *Hayward*,[3] argues that this Court erred in holding that his petition should be denied because he had not yet served his term. Cyprien's position is based upon the premise that "the notion that the commitment offense by itself is a valid basis to deny parole until a prisoner has served his/her minimum term derives sole form [*sic*] federal law." In support of his statement Cyprien cites *In re Lawrence*, 150 Cal. App. 4th 1511, 1530-1540 [59 Cal. Rptr. 3d 537] (2007), review of which was granted by the California Supreme Court and ordered depublished.[4] Cyprien argues that because *Hayward* overruled *Biggs*,[5] *Sass*,[6] and *Irons*,[7] to the extent that the "some evidence" standard derived from federal law, this Court must now apply the California "some evidence" standard. While this Court must agree with Cyprien that, under *Hayward*, the standard to be applied is the "some evidence" rule as applied by the California courts, this Court disagrees that the prior decision of this Court should be reconsidered and the judgment vacated.

First, this Court did not deny relief solely on the basis that Cyprien had not yet served his minimum term. Relief was denied principally on the basis that the Board's determination that Cyprien would pose an unreasonable risk of danger to society and a threat to public safety and, was, therefore, unsuitable for parole was supported by some evidence. Second, no court, *state or*

---

[3] *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc).

[4] Cyprien's citation to the superceded California Court of Appeals decision is itself improper. *See* Cal. Rules of Court, Rules 8.1105, 8.1110, 8.1115, 8.1120, and 8.1125.

[5] *Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2003).

[6] *Sass v. California Board of Prison Terms*, 461 F.3d 1123 (9th Cir. 2006).

[7] *Irons v. Carey*, 505 F.3d 846, 854 (9th Cir. 2007).

*federal*, has held that, prior to completion of the underlying base term, the nature of the underlying conviction, standing alone, would not be sufficient basis for denial of parole.

Under *Hayward*, this Court "need only decide whether the California judicial decision approving the [Board's] decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or 'was based on an unreasonable determination of the facts in light of the evidence.'"[8] Consequently, this Court must canvas and apply California law to the facts in the record. Under California law "some evidence" of future dangerousness is a *sine qua non* for denial of parole.[9] The California Supreme Court has held that "[t]he nature of the prisoner's offense, alone, can constitute a sufficient basis for denying parole."[10] The Board must, however, "point to factors beyond the minimum elements of the crime for which the inmate was committed" that demonstrate the inmate will, at the time of the suitability hearing, present a danger to society if released.[11] The Board "may credit evidence suggesting the inmate committed a greater degree of the offense than his or her conviction evidences."[12] "[T]he statutory and regulatory mandate to normally grant parole to life prisoners who have committed murder means that, particularly after these prisoners have served their suggested base terms, the underlying circumstances of the commitment offense alone rarely will provide a valid basis for denying parole when there is strong evidence of rehabilitation and no other evidence of current

---

[8] *Hayward*, 603 F.3d at 563 (footnotes citing 28 U.S.C. § 2254(d) omitted).

[9] *In re Lawrence*, 190 P.3d 535, 549 (Cal. 2008); *In re Shaputis*, 190 P.3d 573, 582 (Cal. 2008).

[10] *In re Rosenkrantz*, 59 P.3d 174, 222 (Cal. 2002).

[11] *In re Dannenberg,* 104 P.3d 783, 786-87, 802-803 (Cal. 2005); *see Rosenkrantz*.

[12] *Dannenberg*, 104 P.3d at 803 n.16 (citing *Rosenkrantz*, 59 P.3d at 219).

dangerousness."[13] Where, however, the record also contains evidence of other factors relevant to showing unsuitability for parole, the aggravating circumstances of the crime reliably may continue to predict current dangerousness even after many years of incarceration.[14]

The California Supreme Court has provided substantial guidance on the factors to be considered in applying these general principles.

> Title 15, section 2402 of the California Code of Regulations sets forth the factors to be considered by the Board in carrying out the mandate of the statutes.[FN13] This regulation is designed to guide the Board's assessment of whether the inmate poses "an unreasonable risk of danger to society if released from prison," and thus whether he or she is suitable for parole. (Regs., § 2402, subd. (a).)[FN14] The regulation also lists several circumstances relating to unsuitability for parole[FN15]—such as the heinous, atrocious, or cruel nature of the crime, or an unstable social background; and several circumstances relating to *suitability* for parole—such as an inmate's rehabilitative efforts, demonstration of remorse, and the mitigating circumstances of the crime.[FN16] (Regs., § 2402, subds. (c), (d).) Finally, the regulation explains that the foregoing circumstances "are set forth as general guidelines; the importance attached to any circumstance or combination of circumstances in a particular case is left to the judgment of the panel." (Regs., § 2402, subds. (c), (d).) . . . .
>
> [FN13.] Petitioner's parole suitability is governed by Title 15, section 2402, which we addressed in *Rosenkrantz, supra,* 29 Cal.4th 616, 128 Cal.Rptr.2d 104, 59 P.3d 174—a discussion excerpted in substantial part below. In the companion case of *Lawrence, supra,* 44 Cal.4th 1181, 82 Cal.Rptr.3d 169, 190 P.3d 535, the inmate's parole suitability is governed by Title 15, section 2281, which provides parole consideration criteria and guidelines for murders committed prior to November 8, 1978. The two sections are identical.
>
> [FN14.] These factors include "the circumstances of the prisoner's social history; past and present mental state; past criminal history, including involvement in other criminal misconduct which is reliably documented; the base and other commitment offenses, including behavior before, during and after the crime; past and present attitude toward the crime; any conditions of treatment or control, including the use of special conditions under which the prisoner may safely be released to the community; and

[13] *Lawrence*, 190 P.3d at 553.

[14] *See Shaputis*, 190 P.3d at 584-85.

any other information which bears on the prisoner's suitability for release. Circumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability." (Regs., § 2402, subd. (b).)

FN15. Unsuitability factors are: (1) a commitment offense carried out in an "especially heinous, atrocious or cruel manner"; (2) a "[p]revious [r]ecord of [v]iolence"; (3) "a history of unstable or tumultuous relationships with others"; (4) "[s]adistic [s]exual [o]ffenses"; (5) "a lengthy history of severe mental problems related to the offense"; and (6) "[t]he prisoner has engaged in serious misconduct in prison or jail." (Regs., § 2402, subd. (c)(1)-(6).) This subdivision further provides that "the importance attached to any circumstance or combination of circumstances in a particular case is left to the judgment of the panel." (Regs., § 2402, subd. (c).)

Factors supporting a finding that the inmate committed the offense in an especially heinous, atrocious, or cruel manner include the following: (A) multiple victims were attacked, injured, or killed in the same or separate incidents; (B) the offense was carried out in a dispassionate and calculated manner, such as an execution-style murder; (C) the victim was abused, defiled, or mutilated during or after the offense; (D) the offense was carried out in a manner that demonstrates an exceptionally callous disregard for human suffering; and (E) the motive for the crime is inexplicable or very trivial in relation to the offense. (Regs., § 2402, subd. (c)(1).)

FN16. Suitability factors are: (1) the absence of a juvenile record; (2) "reasonably stable relationships with others"; (3) signs of remorse; (4) a crime committed "as the result of significant stress in [the prisoner's] life"; (5) battered woman syndrome; (6) the lack of "any significant history of violent crime"; (7) "[t]he prisoner's present age reduces the probability of recidivism"; (8) "[t]he prisoner has made realistic plans for release or has developed marketable skills that can be put to use upon release"; and (9) the inmate's "[i]nstitutional activities indicate an enhanced ability to function within the law upon release." (Regs., § 2402, subd. (d)(1)-(9).)

---

"[T]he governing statute provides that the Board *must* grant parole *unless* it determines that *public safety* requires a lengthier period of incarceration for the individual because of the gravity of the offense underlying the conviction. (Pen.Code, § 3041, subd. (b).) And as set forth in the governing regulations, the Board must set a parole date for a prisoner unless it finds, in the exercise of its judgment after considering the circumstances enumerated in section 2402 of the regulations, that the prisoner is unsuitable for parole. Accordingly, parole applicants in this state have an expectation that they will be granted parole unless the Board finds, in the exercise of its discretion, that they are unsuitable for parole

in light of the circumstances specified by statute and by regulation." (*Rosenkrantz, supra,* 29 Cal.4th at p. 654, 128 Cal.Rptr.2d 104, 59 P.3d 174, Italics added.)[15]

Judicial review of a decision denying parole is "extremely deferential."[16] It is through this doubly deferential lens that this Court reviews the decision of the Los Angeles Superior Court. The Los Angeles Superior Court found the Board's decision was based upon several factors, including that the motive for the crime was very trivial in relation to the offense, Cyprien's prior criminal record, and that his involvement in street gangs starting at age 11 indicated an unstable social history.[17] Based upon the record before it, applying *Rosenkrantz, Dannenberg, Lawrence* and *Shaputis*, this Court cannot say that the decision of the Los Angeles Superior Court was contrary to, or involved an unreasonable application of California law or was based on an unreasonable determination of the facts in light of the evidence.

**IT IS HEREBY ORDERED THAT** the motion to vacate judgment at Docket No. 18 is **DENIED**.

---

[15] *Shaputis*, 190 P.3d at 582-83 (emphasis in the original).

[16] *Rosenkrantz*, 59 P.3d at 210.

[17] The decision of the Los Angeles Superior Court and this Court's analysis of that decision is contained in detail in the Memorandum Decision entered herein on April 22, 2010, at Docket No. 17, and, in the interest of brevity, are not repeated at length here.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[18] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[19]

Dated: July 28, 2010.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[18] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted).

[19] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.